IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-116(1) |
| | § | C.A. No. C-05-082 |
| DAVID M. RIVERA | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant David M. Rivera's ("Rivera") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 46).[1] The government filed an answer and motion for dismissal. (D.E. 48). Rivera subsequently filed a reply, which the Court has also considered. (D.E. 49).

For the reasons set forth herein, Rivera's § 2255 motion is DENIED, and the Court also DENIES him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Docket entries refer to the criminal case, Cr. No. C-01-116.

1

## II. FACTUAL BACKGROUND AND PROCEEDINGS

A.  **Summary of Offense[2]**

On March 23, 2001, Rivera was the driver and sole occupant of a 1990 Nissan Sentra when he drove into the Sarita, Texas Border Patrol checkpoint. The Border Patrol agent observed that Rivera appeared nervous. He avoided eye contact and his hands were shaking. Due to Rivera's behavior, the agent requested and received consent to search the vehicle. At the secondary inspection area, a drug sniffing canine alerted to the passenger side door. The agent opened the door, and the canine proceeded to alert to the glove box area of the dashboard. The agent opened the glove box, and noticed that the screws that hold the box to the dashboard were loose. The screws also appeared to have been recently removed. Pursuant to a further search, the agent located what was later determined to be a net weight of 3.35 kilograms of methamphetamine, with a purity of 69%. The drugs were hidden in a small cavity between the glove box and the dashboard. Rivera was arrested and read his rights. He declined to make a statement.

Later that day, DEA agents arrived at the checkpoint and debriefed Rivera. He explained that he picked up the car used in the offense in Winter Haven, Florida and was instructed to travel to the Ramada Inn in McAllen, Texas. Once he arrived at the Ramada Inn, an unknown male took the vehicle for several hours. When the vehicle was returned, it was already loaded. Rivera stated that he did not know who owned the vehicle, and did

---

[2] The summary of offense is taken from the Presentence Investigation Report ("PSR") at ¶¶ 4-5.

not know the type of drug he was transporting. He reported that he was to be paid at least $1,000 for his participation. He further stated that he had successfully completed the same trip on one other occasion. He would not give the names of others involved in the offense.

**B.      Criminal Proceedings**

On April 1, 2001, Rivera was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 4.54 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1).  On June 4, 2001, Rivera pleaded guilty pursuant to a written plea agreement with the government.  (D.E. 6, 7).  In exchange for his guilty plea, the government agreed to recommend that he receive a three-level credit for acceptance of responsibility and to recommend that he be sentenced at the low end of the applicable guideline range. (D.E. 7).

The PSR was prepared, and Rivera, through counsel, filed written objections to the PSR.  Specifically, his counsel objected to the scoring in Paragraph 21 of a conviction for possession of alcohol by a person under 21.  He made two distinct arguments in support of his objection.  First, he argued that the offense was similar to public intoxication and should not be counted pursuant to U.S.S.G. § 4A1.2(c)(2).[3]  Second, he argued that the offense was similar to disorderly conduct and, because no term of imprisonment greater than thirty days was imposed, the offense should not be counted pursuant to U.S.S.G. § 4A1.2(c)(1).

---

[3] The PSR utilized the 2000 edition of the U.S. Sentencing Commission Guidelines Manual. (PSR at ¶ 9). Thus, all references herein are to that edition, unless otherwise noted.

3

Sentencing occurred on September 17, 2001. The Court granted Rivera's objection to the PSR and did not score the conviction for possession of alcohol by a person under 21. The Court found that Rivera's base offense level was 38. After a three-level adjustment for acceptance of responsibility, his total offense level was 35. (PSR at ¶¶ 11-19). His offense level and criminal history category of III resulted in a guideline range for a term of imprisonment of 210 to 262 months. (S. Tr. at 10-11). The Court sentenced Rivera to serve 220 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 18, 19). Judgment was entered on September 20, 2001. (D.E. 19). Rivera did not appeal.

On September 12, 2002, Rivera filed a timely motion to vacate pursuant to 28 U.S.C. § 2255. (D.E. 22). In that motion, he argued that he was denied his right to appeal because his attorney failed to file an appeal after being asked to do so. He also argued that he was denied ineffective assistance of counsel due to his counsel's failure to move to suppress his "consent to search" the vehicle, and by his attorney's failure to object to the calculation of his base offense level as a violation of the ex post facto clause. (DE. 22).

On January 28, 2003, the Court granted Rivera an out-of-time appeal, but otherwise denied his § 2255 motion without prejudice. (D.E. 38). After the Clerk reinstated the criminal judgment, Rivera timely appealed and was appointed counsel on appeal. (D.E. 34). On appeal, Rivera argued that 21 U.S.C. § 841 was unconstitutional in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Fifth

Circuit affirmed in a *per curiam* opinion dated October 22, 2003. (D.E. 44). The mandate issued on November 13, 2003. (D.E. 45). Rivera petitioned the Supreme Court for *certiorari* on January 20, 2004, and the petition was denied on February 23, 2004. Rivera v. United States, 540 U.S. 1212 (Feb. 23, 2004)(order denying petition for writ of certiorari). The Clerk received the instant § 2255 motion from Rivera on February 17, 2005. (D.E. 49). It is timely.

### III. MOVANT'S ALLEGATIONS

Rivera's motion asserts two different grounds for relief. First, he claims that he was denied the effective assistance of his counsel because his counsel failed to file a timely motion to suppress the evidence seized from his vehicle. He argues that the motion should have been filed on the grounds that he did not validly consent to the search and because his detention at the checkpoint was illegally extended beyond a reasonable time. Second, he argues that the government breached the plea agreement by failing to file a motion for downward departure under Rule Fed. R. Crim. P. 35 or U.S.S.G. § 5K1.1.

Finally, he asks that he be given an evidentiary hearing to resolve his claims. As discussed in more detail below, Rivera's allegations do not entitle him to relief, nor is an evidentiary hearing necessary to resolve them.

### IV. ANALYSIS

**A.  Second or Successive Limitations**

As an initial matter, this Court must address whether Rivera's most recent motion is

precluded by the restrictions on "second or successive" motions contained in Section 2255. As noted, he previously filed a § 2255 motion in September 2002, which resulted in the granting of his out-of-time appeal and the denial without prejudice of his remaining claims. In pertinent part, the statute provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. In accordance with the above, if Rivera's motion is second or successive, he must seek, and acquire, the approval of the Fifth Circuit before filing the motion. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, the Court must address whether Rivera's motion is second or successive, in order to determine whether he was required to seek such approval.

The Fifth Circuit has made clear that a motion is not "second or successive" merely because it is numerically a second or subsequent motion. United States v. Orozco-Ramirez,

211 F.3d 862, 867 (5th Cir. 2000). Instead, a motion is "second or successive" when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Id. (citing In re Cain, 127 F.3d 234, 235 (5th Cir. 1998)). Orozco-Ramirez, like the instant case, was one in which a defendant's first § 2255 motion resulted in the granting of an out-of-time appeal. In such a situation, claims that the movant could have brought in the earlier petition, but failed to bring at that time, are barred as "second or successive." Orozco-Ramirez, 211 F.3d at 869. Claims that could not have been brought in the earlier motion (e.g., a claim that counsel was ineffective during the out-of-time appeal) are not second or successive. Id. at 869. Similarly, claims that were brought in the first § 2255 motion, but dismissed without prejudice, are not barred by the "second or successive" rule and can be properly raised and properly considered on their merits in the subsequent motion. Id. at 871 n. 15.

Applying those rules to this case, the claim that Rivera's counsel was ineffective for failing to object to the search of the car is properly before the Court because Rivera asserted it in his first § 2255 motion, but the Court dismissed it without prejudice, See id. at 871 n.15. The Court further believes, contrary to the government's assertion, that Rivera's claim that his counsel should have moved to suppress on the basis of an illegal search and illegal detention, are essentially an elaboration of his first claim, rather than a separate and independent claim, and thus properly before the Court.

7

Rivera's claim that the government breached the plea agreement, however, could have been raised in his first motion, and was not. Rivera argues in his reply that the claim could not have been raised in his first motion, because the factual or legal basis for the claim was not available to him prior to his receipt of transcripts in November 2002, several months after he filed his first § 2255 motion. The Court disagrees. Prior to filing his first § 2255 motion, Rivera had knowledge of all facts pertinent to his claim, without the need for transcripts. That is, Rivera was present at his rearraignment and sentencing, he signed his plea agreement, and he knew he had not received a reduction for substantial assistance. Thus, he could have brought the claim in his first motion, but failed to do so. As a result, it is barred as "second or successive." Orozco-Ramirez, 211 F.3d at 869. Even if it were properly before the Court, moreover, it is without merit, as discussed herein.

**B.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**C.     Ineffective Assistance of Counsel**

As noted, Rivera claims that his counsel was ineffective for failing to object to the search of the car he was driving, and for failing to move to suppress the results of that search. An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709 (1995)("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997)("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Rivera claims that his counsel should have challenged the search or moved to suppress the fruits of the search, both because he did not consent and because his detention

9

was illegal. Rivera cannot raise his Fourth Amendment claims at this juncture. See United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002)(an unconditional guilty plea waives objections to searches and seizures that violate the Fourth Amendment). The waiver applies even to claims of ineffective assistance of counsel "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).

Construing Rivera's claim liberally, however, he could be arguing that he would not have pleaded guilty had his attorney been successful in obtaining suppression of the seized drugs. Thus, his ineffective assistance claim may fall within the exception noted in Glinsey. 209 F.3d at 392. Nonetheless, his claim fails because Rivera cannot show prejudice.

If his counsel had objected to the search or his detention, his objection would not have been successful, because both the search and the detention were authorized by law. His initial stop clearly did not violate any Fourth Amendment rights. United States v. Martinez-Fuerte, 428 U.S. 543, 566-67 (1976) ("[S]tops for brief questioning routinely conducted at permanent [immigration] checkpoints are consistent with the Fourth Amendment and need not be authorized by warrant."). The undisputed facts in the PSR are that Rivera was acting very nervously during the initial stop, and that his hands were shaking and he avoided eye contact with the agent. It is also undisputed that he consented to the search, despite his claim to the contrary now, a claim that conflicts with his statements

under oath. (See R. Tr. at 18-19)(Rivera agreeing to the government's proof, which included a statement that he consented to going to the secondary inspection area). His consent was sufficient to authorize a referral to the secondary inspection area. See United States v. Portillo-Aguirre, 311 F.3d 647, 653-54 (5th Cir. 2002)("agents at immigration stops may investigate non-immigration matters beyond the permissible length of the immigration stop if and only if the initial, lawful stop creates reasonable suspicion warranting further investigation").[4] Further, the canine alerting to Rivera's vehicle once in the secondary inspection area provided probable cause to search the vehicle. United States v. Dortch, 199 F.3d 193, 197-98 (5th Cir. 1999).

For the foregoing reasons, his detention and the search of his vehicle were not illegal. Accordingly, Rivera was not prejudiced by his counsel's failure to object to the search or to challenge his consent. His ineffective assistance claim thus fails.

**D.     Government's Alleged Breach of Plea Agreement**

As noted in Section IV.A. supra, Rivera's claim that the government breached its plea agreement is not properly before the Court because it is a second or successive claim. Even if it were before the Court, however, it would not entitle him to relief. Indeed, his assertion that the government beached the plea agreement finds no support in the record.

---

[4] Even his nervous behavior may have been sufficient to give rise to a reasonable individualized suspicion that could legally refer him to the secondary inspection area.

As an initial matter, the plea agreement itself makes clear that the government will ask for a downward departure under § 5K1.1 only if Rivera provides "substantial assistance," as determined in the government's discretion. (D.E. 7). Specifically, the agreement states:

> Furthermore, should the Defendant provide substantial assistance as outlined in U.S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information. ***This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant has not provided substantial assistance.*** . . . [I]t is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be binding upon the Defendant. ***The Defendant agrees the decision whether to file such a motion rests within the sole discretion of the Government.***

(D.E. 7 at ¶4 (emphasis added)); (D.E. 35, Transcript of November 16, 2002 rearraignment ("R. Tr.") at 15-16) (testimony of Rivera affirming the government's description of his plea agreement). Thus, it is clear that it was solely within the government's discretion to determine whether Rivera provided substantial assistance.

At sentencing, the government expressed that it still had interest in having Rivera debrief and try to offer substantial assistance. (S. Tr. at 24). The Court ordered the

government to file a report with the Court every 30 days with a copy to defense counsel setting forth the status of any investigation based on any assistance by Rivera, and whether the investigation was ongoing or concluded. (S. Tr. at 23-27). Pursuant to the Court's order, the government filed a statement on November 8, 2001, informing the Court that no progress had been made, and that the investigation was being terminated. The government's response to Rivera's § 2255 motion confirms the government's view on this topic. It states that trial counsel recently contacted the investigative case agent to assess the quality of Rivera's assistance and again determined that Rivera did not provide substantial assistance. (D.E. 48 at 12).[5]

Rivera argues that he is entitled to substantial assistance. But the plain language of the plea agreement, coupled with the government's later-filed notice indicating that no favorable investigation resulted from any of Rivera's attempts to debrief (and its recent reiteration of that position), make plain that he did not offer substantial assistance in the view of the government. Rivera offers nothing to show that he has, in fact, offered substantial assistance. Quite simply, then, no breach of the plea agreement occurred. Rivera's argument is without merit.

---

[5] In his reply, Rivera argues that the government impermissibly relied on the case agent to determine whether Rivera qualified for a reduction for substantial assistance. (D.E. 49 at 5-6). His argument is without merit. As an initial matter, he misreads the government's reply, which clearly states it was the prosecuting attorney's determination that Rivera had not offered substantial assistance. Moreover, it was wholly proper for the AUSA to discuss the case with the case agent prior to making his determination as to whether Rivera had offered substantial assistance.

### E. Evidentiary Hearing

Rivera also requests an evidentiary hearing to resolve his § 2255 motion. An evidentiary hearing may be held in § 2255 proceedings if the district judge determines that it is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURT 8(a). Based on the record before it, the Court is convinced that an evidentiary hearing is unnecessary. Where, as here, the record is clearly adequate to dispose fairly of the movant's allegations, the court need inquire no further. United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990). Because Rivera's motion and the record in this case are clearly adequate to dispose of his allegations, there is no need for an evidentiary hearing.

### F. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rivera has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Rivera's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Rivera is not entitled to a COA as to any of his claims.

## V. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the government's motion to dismiss (D.E. 48), DENIES Rivera's motion under 28 U.S.C. § 2255 (D.E. 46), and DENIES Rivera a Certificate of Appealability.

Ordered this 18th day of September, 2005.

HAYDEN HEAD
CHIEF JUDGE