IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-116(1) |
| | § | C.A. No. C-05-082 |
| DAVID M. RIVERA, | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED
## *IN FORMA PAUPERIS* AND COLLECTION ORDER

A judgment of conviction was entered in the criminal case against Defendant David M. Rivera ("Rivera" or "Appellant") on September 20, 2001. (D.E. 19).[1] He did not file a timely notice of appeal. On September 12, 2002, Rivera filed a motion pursuant to 28 U.S.C. § 2255. (D.E. 22). On January 28, 2003, the district court denied the § 2255 motion, but granted defendant leave to file an out-of-time appeal. (D.E. 33, 34). Rivera timely appealed, and the Fifth Circuit affirmed in an opinion issued October 22, 2003. (D.E. 44, 45). On February 17, 2005, Rivera filed a second motion pursuant to § 2255. (D.E. 46). The district court denied that motion and *sua sponte* denied Rivera a Certificate of Appealability in an order entered September 18, 2005. (D.E. 50). Final judgment was entered on September 20, 2005. (D.E. 51-52).

On November 10, 2005, the Clerk received Rivera's notice of appeal from the denial of his § 2255 motion, as well as a motion to proceed on appeal *in forma pauperis* and supporting application. (D.E. 53, 54, 55). His motion to proceed *in forma pauperis* is addressed herein.

---

[1] Docket entry references are to the criminal case, Cr. C-01-116.

Appellant's *in forma pauperis* data sheet reflects that, as of October 31, 2005, he had a balance of $72.92 in his inmate account. The figure showing the preceding six months' deposits is crossed out and illegible on the account information filed by Rivera. But the transaction report reflects that his account received deposits of $270 in the six months preceding his application, in addition to payroll deposits totaling $175.88. These figures demonstrate that although Rivera cannot afford to prepay the $255 appellate filing fee, he can pay the fee in installments without undue hardship. While his appeal is not governed by the Prison Litigation Reform Act, there is no prohibition against collection of the appellate filing fee in installments where an inmate has the ability to pay in installments without undue hardship. Accordingly, the following orders are entered:

1. The Clerk shall file the Appellant's notice of appeal without prepayment of the appellate filing fee.

2. The Appellant is not required to pay an initial partial appellate filing fee.

3. The Appellant shall pay $255, the balance of the full appellate filing fee, in monthly installments to the United States District Court.

4. The Bureau of Prisons shall deduct 20% of each deposit made to the Appellant's inmate trust account and forward payments to the United States District Court on a regular basis provided the account exceeds $10.00.

5. The Appellant shall execute all consents and other documents required by the agency having custody of the Appellant to authorize the necessary withdrawals from his trust account.

6. The Clerk shall send a copy of this Order to the Inmate Accounting Officer and Paralegal Specialist, FCI Williamsburg, Post Office Box 220, Salters, South Carolina 29590.

<u>NOTICE TO THE APPELLANT</u>:

If you do not wish to pay the appellate filing fee as set forth in this Order, you must notify the Court in writing, by letter or motion, that you do not wish to prosecute the appeal. Your notice must be mailed within 30 days of the date of this Order.

ORDERED this 16th day of November, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE