IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-01-116 |
| | § | |
| DAVID MARK RIVERA, | § | |
| | § | |
| Defendant. | § | |

## ORDER STRIKING FILINGS
## AND ORDER IMPOSING SANCTIONS

Defendant David Mark Rivera persists in filing frivolous documents with this Court, most of which contain various IRS tax forms and do not appear to relate to his criminal case nor seek any relief from the Court. In an order signed April 10, 2009, the Court denied two such filings. (D.E. 72.) In an order entered April 24, 2009, the Court struck another two of his filings from the record as frivolous. (D.E. 74.) In that same order, the Court warned Rivera that if he continued to file frivolous documents with the Court, that "he may be required to pay a monetary fine or otherwise sanctioned." (D.E. 74 at 2.) Since the entry of that order, the Clerk has received two additional filings from Rivera, on April 28, 2009 and May 4, 2009, respectively. (D.E. 75, 76.) Additionally, there was a filing received from Rivera the day before the entry of the Court's order. (See D.E. 73, received on April 23, 2009.)

1

All three documents (D.E. 73, 75, 76) are similar in nature to his earlier filings, i.e., Docket Entries 68-71, already either denied or stricken by the Court. His latest filings (D.E. 73, 75-76) are also all hereby STRICKEN for the reasons set forth in the Court's prior orders.

## IMPOSITION OF SANCTIONS

It is clear that, at least as of the time Rivera mailed his latest filing, he was aware of and in possession of the Court's April 24, 2009 Order warning of sanctions if he continued to file frivolous documents. Indeed, a copy of that Order (with additions typed over it by Rivera) was included in his most recent filing. (See D.E. 76 at 4-5.)

Because Rivera had notice of possible sanctions and has nonetheless persisted in filing frivolous documents that waste the time and resources of this Court, the Court hereby imposes sanctions upon Rivera. See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991) (affirming district court's imposition of $25 sanction and imposing additional sanctions against prisoner who filed repetitive frivolous lawsuits and appeals; id. at 418 (noting that "given [the inmate's] litigious history, we wonder only that the district court's sanction was so small.")

Specifically, Rivera is hereby ORDERED to pay a monetary sanction in the amount of $50.00, payable to the Clerk, United States District Court for the Southern District of Texas. The Clerk of this Court is also directed to refuse to file any pro se pleading by Rivera in this criminal case unless he submits proof of satisfaction of this sanction. If Rivera attempts to file any such documents without such proof, the Clerk will docket them for

administrative purposes only. Any submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged. See Nelson v. Reese, 214 Fed. Appx. 465 (5th Cir. 2007) (imposing $250 sanction for continued filing of post-conviction frivolous pleadings and imposing similar restrictions on future filings by prisoner litigant).

It is so ORDERED this 29 day of May, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE